WILLIAM F. FLYNN, JR., Executive Director Wisconsin Lottery
You have asked this department to review a soft drink company's proposed promotional plan for compliance with chapter 565, Stats., the lottery law, and various trade statutes. Under the proposed promotion, a soft drink company would give its customers a coupon for a Wisconsin lottery ticket redeemable from any lottery retailer whenever the customer made a specified purchase. The company would pay for any advertising, would pay cash for all of the tickets and would pay the same price as retailers currently pay for lottery tickets. You indicate that every customer would receive a coupon if the specified purchase is made. The coupon could then be exchanged for a lottery ticket.
I conclude the proposed promotion would violate section100.16(1), which provides:
 No person shall sell or offer to sell anything whatever, by the representation or pretense that a sum of money or something of value, which is uncertain or concealed, is enclosed within or may be found with or named upon the thing sold, or that will be given to the purchaser in addition to the thing sold, or by any representation, pretense or device, by which the purchaser is informed or induced to believe that money or something else of value may be won or drawn by chance by reason of such sale.
Section 100.16(2) provides that subsection (1) does not apply to in-pack chance promotions if seven conditions are met. One of those conditions is that participation must be available, "free and without purchase of the package, from the retailer or by mail or toll-free telephone request to the sponsor for entry or for a game piece." Sec. 100.16(2)(a), Stats. The hypothetical facts you provided indicate that the customer would receive a coupon for the lottery only if a specified purchase is made. Therefore, if the promotion *Page 304 
violates section 100.16(1) the exceptions in section 100.16(2) would be inapplicable.
The proposed promotional scheme violates section 100.16(1) in two ways. First, the coupon is certainly something of value, and I must conclude that its value is uncertain. Of course, the coupon has the value of the lottery ticket for which it may be exchanged, currently $1.00, but its value may be much greater because the lottery ticket for which the coupon is exchanged might be a winning ticket. It is that possibility that causes people to buy lottery tickets. In short, if the value of a lottery ticket were known it would not be a lottery.
Section 100.16(1) also prohibits any person from selling anything "by any representation . . . by which the purchaser is informed or induced to believe that money or something else of value may be won or drawn by chance by reason of such sale." Section 945.01(5)(a) removes the state lottery from the statutory definition of lottery which is "an enterprise wherein for a consideration the participants are given an opportunity to win a prize, the award of which is determined by chance, even though accompanied by some skill." Sec. 945.01(5)(a), Stats. Therefore, when the word "lottery" is used in the statutes it does not include the state lottery. That hardly means, however, that the state lottery is not a game of chance; if it were not a game of chance it would have few players. The Legislature did not amend section 100.16(1) when it amended the statutory definition of lottery, although it easily could have done so. There is no reason to conclude that the Legislature meant to remove the state lottery from the strictures of section 100.16.
It has been suggested that this particular promotion would violate other statutes in chapter 100. Because it clearly violates section 100.16, it is not necessary to speculate what other statutes might be violated by this or similar promotional schemes. This opinion should not be construed, however, to mean that a coupon plan which passes muster under section 100.16 and other trade statutes is necessarily legal. Chapter 565 attempts to carefully regulate the distribution of lottery tickets, and coupon plans would seem to run afoul of the law's requirements. For example, lottery tickets may be sold only for cash. Sec.565.17(3), Stats. One may question whether the exchange of a coupon for a lottery ticket is a cash sale. Similarily, section565.17(4) prohibits a person under the age of eighteen from purchasing a lottery ticket. Under the proposed promotional *Page 305 
scheme, someone under the age of eighteen could purchase the soda and therefore receive a coupon. A question would arise whether that person could exchange the coupon for a lottery ticket. It would appear that coupon plans would remove many of the statutory controls over the persons who distribute the coupons, the persons who acquire them and the conditions of sale.
It may well be the case that no coupon plan involving lottery tickets is permissible. Because the proposed scheme violates section 100.16, however, it is not necessary to address the legality of this plan or other plans, whose facts are unknown, under chapter 565.
DJH:AL *Page 306